Reed W. Larsen - Idaho State Bar #3427
COOPER & LARSEN, CHARTERED
151 North 3rd Avenue, Suite 210
P. O. Box 4229
Pocatello, Idaho 83205-4229
Telephone: (208) 235-1145
Facsimile: (208) 235-1182
Email: reed@cooper-larsen.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN SOWARD, an individual | Case No. _____ |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| MONSANTO COMPANY, | |
| Defendant. | |

COMES NOW Plaintiff, Susan Soward, by and through the undersigned counsel, and for a cause of action against Defendant, Monsanto Company, states and alleges as follows:

## NATURE OF THE ACTION

1. This suit is brought by a former employee of the Defendant under Title VII of the Civil Rights Act of 1964, as amended and codified at 42 U.S.C. § 2000e, *et. seq.* ("Title VII"); 42 U.S.C. § 1983 ("§ 1983") and the equal protection clause; the Idaho Human Rights Act ("IHRA"); and state law.

2. Plaintiff seeks all available equitable relief, damages, attorneys' fees, costs, and interest.

## JURISDICTION AND VENUE

3. This action arises under federal law, particularly Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1983.

4. Additional claims arise under the Idaho Human Rights Act, Idaho Code § 67-5901 *et. seq.*, and other state statutes.

5. This Court has jurisdiction over this cause of action under provisions of 42 U.S.C. § 2000e, *et. seq.*, 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391. Accordingly this action should be heard in Pocatello, Bannock County, Federal District Court.

## PARTIES

7. Plaintiff Susan Soward is a resident and citizen of the State of Idaho, County of Caribou.

8. Defendant Monsanto Company is a Delaware corporation licensed to conduct business in the state of Idaho. Upon information and belief Monsanto Company has more than 500 employees.

## GENERAL ALLEGATIONS AND CAUSE OF ACTION

9. Plaintiff Susan Soward timely filed a Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC"), charging Defendant with violations of Title VII of the Civil Rights Act and the Idaho Human Rights Act.

10. Plaintiff has received her Notice of Right to Sue and has initiated this action within ninety (90) days.

11. Defendant Monsanto Company is an employer within the meaning of the Idaho Human Rights Act, Idaho Code § 67-5902(6), and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq.*

12. On July 20, 2012, the U. S. Department of Labor's Office of Federal Contract Compliance Programs ("OFCCP") and Monsanto Company entered into an agreement that Monsanto would in good faith start a training program, train a number of female applicants and hire the applicants who successfully completed the training program, this agreement was reached due to alleged gender discrimination in the company's hiring process for its Soda Springs, Idaho, entry-level operator-mechanic-engineer positions.

13. On January 4, 2013 Monsanto Company accepted Plaintiff into MAPSS (Monsanto Apprenticeship Program Soda Springs).

14. Plaintiff successfully completed the requirements of the MAPSS program, however on December 25, 2013 she broke her ankle, and as a result Monsanto would not allow her to graduate from the program.

15. Monsanto continued to refuse to allow Plaintiff to graduate from MAPSS, and on September 9, 2014, she was fired from Monsanto Company.

16. Monsanto Company allowed Plaintiff to enter the MAPSS program solely for the purpose of meeting the criteria required by the OFCCP, however because of her gender, it did not allow her to graduate from MAPSS and continue on to long term employment.

## CAUSES OF ACTION

### COUNT I

*GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-5, et. seq.*

17. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 16 of her Complaint as if set forth in full herein.

18. Defendant's disparate treatment of Plaintiff was based upon Plaintiff's gender and is set forth, in part, in ¶¶ 13-17, *supra*.

19. The actions of Defendant in discriminating against Plaintiff because of her gender are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, which prohibit discrimination in employment on the basis of gender.

20. Plaintiff is entitled to recover damages, including back pay, front pay, back benefits, front benefits, compensatory damages and punitive damages due to Defendant's discriminatory conduct on the basis of gender.

21. As a direct and proximate result of the illegal acts and omissions of Defendant, Plaintiff has incurred lost wages and/or a loss of future earning capacity in amounts to be proven at trial.

22. As a direct and proximate result of the illegal acts and omissions of Defendant, Plaintiff has suffered noneconomic damages for, among other things, pain and suffering, emotional distress, humiliation, and the loss of the ability to perform daily activities in amounts to be proven at trial.

23. Plaintiff has been required to retain the services of Cooper & Larsen, Chartered, in connection with the prosecution of this action and requests that attorneys' fees and litigation costs associated with this representation be paid by Defendant.

## COUNT II

### *UNLAWFUL DISCHARGE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-5, et. seq.*

24. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 23 of her Complaint as if set forth in full herein.

25. Defendant, in allowing to continue gender discrimination and adverse employment action at its Soda Springs facility, violated 42 U.S.C. § 2000e, *et. seq.* when it discharged Plaintiff from employment on September 9, 2014.

26. Defendant knew, or should have known, of gender discrimination at its Soda Springs facility, but did not institute corrective action.

27. Defendant's failure to correct this situation was done with malice or reckless indifference to Plaintiff's federally protected rights.

28. As a direct and proximate result of the illegal acts and omissions of Defendant, Plaintiff has incurred lost wages and/or a loss of future earning capacity in amounts to be proven at trial.

29. As a direct and proximate result of the illegal acts and omissions of Defendant, Plaintiff has suffered noneconomic damages for, among other things, pain and suffering, emotional distress, humiliation, and the loss of the ability to perform daily activities in amounts to be proven at trial.

30. Plaintiff has been required to retain the services of Cooper & Larsen, Chartered, in connection with the prosecution of this action and requests that attorneys' fees and litigation costs associated with this representation be paid by Defendant.

## COUNT III

### *GENDER DISCRIMINATION IN VIOLATION OF IDAHO CODE § 67-5901 et. seq.*

31. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 30 of her Complaint as if set forth in full herein.

32. Defendant's disparate treatment of Plaintiff was based upon Plaintiff's gender and is set forth, in part, in ¶¶ 13-17, *supra*.

33. The actions of Defendant in discriminating against Plaintiff because of her gender are in violation of Idaho Code § 67-5901 *et.seq.*, which prohibits discrimination in employment on the basis of gender.

34. Plaintiff is entitled to recover damages, including back pay, front pay, back benefits, front benefits, compensatory damages and punitive damages due to Defendant's discriminatory conduct on the basis of gender.

35. As a direct and proximate result of the illegal acts and omissions of Defendant, Plaintiff has incurred lost wages and/or a loss of future earning capacity in amounts to be proven at trial.

36. As a direct and proximate result of the illegal acts and omissions of Defendant, Plaintiff has suffered noneconomic damages for, among other things, pain and suffering, emotional distress, humiliation, and the loss of the ability to perform daily activities in amounts to be proven at trial.

37. Plaintiff has been required to retain the services of Cooper & Larsen, Chartered, in connection with the prosecution of this action and requests that attorneys' fees and litigation costs associated with this representation be paid by Defendant.

## COUNT IV

### *UNLAWFUL DISCHARGE IN VIOLATION OF IDAHO CODE § 67-5901 et. seq.*

38. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 37 of her Complaint as if set forth in full herein.

39. Defendant, in allowing to continue gender discrimination and adverse employment action at its Soda Springs facility, violated Idaho Code § 67-5901, *et. seq.* when it discharged Plaintiff from employment on September 9, 2014.

40. Defendant knew, or should have known, of gender discrimination at its Soda Springs facility, but did not institute corrective action.

41. Defendant's failure to correct this situation was done with malice or reckless indifference to Plaintiff's federally protected rights.

42. As a direct and proximate result of the illegal acts and omissions of Defendant, Plaintiff has incurred lost wages and/or a loss of future earning capacity in amounts to be proven at trial.

43. As a direct and proximate result of the illegal acts and omissions of Defendant, Plaintiff has suffered noneconomic damages for, among other things, pain and suffering, emotional distress, humiliation, and the loss of the ability to perform daily activities in amounts to be proven at trial.

44. Plaintiff has been required to retain the services of Cooper & Larsen, Chartered, in connection with the prosecution of this action and requests that attorneys' fees and litigation costs associated with this representation be paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Susan Soward respectfully prays that the Court enter judgment in her favor and against Defendant Monsanto Company, and award the following relief:

1. Back pay, in amounts to be determined at trial;

2. Compensatory (emotional distress) and consequential damages;

3. Front pay in lieu of reinstatement;

4. Injunctive and/or declaratory relief;

5. Pre-judgment and post-judgment interest at the highest lawful rate;

6. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

7. Such other and further relief available by statute; and

8. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED this 4st day of June, 2018.

        COOPER & LARSEN, CHARTERED

        By /s/ Reed W. Larsen
          REED W. LARSEN

# VERIFICATION

STATE OF IDAHO     )
                              :ss
County of Caribou    )

SUSAN SOWARD, being first duly sworn, deposes and states as follows:

That she is the Plaintiff herein; that she has read the foregoing document, knows the contents thereof, and that the facts therein stated are true to the best of her knowledge and belief.

_____
SUSAN SOWARD

SUBSCRIBED AND SWORN TO before me this 5 day of June, 2018.

(SEAL)

_____
NOTARY PUBLIC FOR IDAHO
Residing at: Pocatello
My Commission expires: 1-19-2024